**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICCO L. MAYE, | : | Case No. 2:25-cv-1241 |
| | : | |
| Plaintiff, | : | District Judge James L. Graham |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| KEVIN KELLEY, *et al*., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner, has for the second time filed a civil rights complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against various Defendants relating to his pretrial detention and underlying convictions. (Doc. 5). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. 4).

This matter is before the undersigned Magistrate Judge to conduct the required initial screen of the Complaint. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). For the reasons discussed below, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** without prejudice on the grounds that it is premature and/or barred by the *Heck* doctrine.

## I. LEGAL STANDARD

Because Plaintiff is a prisoner, and is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any part of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin*

*v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But the Court is not required to accept factual allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429-30 (6th Cir. 2009). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although "detailed factual allegations" are not required, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 662. (internal quotation and quotation marks omitted). In the end, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. BACKGROUND

The Complaint in this case is very similar to the Complaint Plaintiff filed in July 2025 in *Maye v. Kelley, et al.*, S.D. Ohio Case No. 2:25-cv-801. Although Plaintiff has now added ten new Defendants and several new allegations of misconduct and ineffective assistance relating to his criminal proceedings (*see* Case No. 2:25-cv-1241 (Doc. 5, at PageID 269, 282-87)), the allegations in the instant Complaint largely repeat those set forth in the earlier case. (*Compare* Case No. 2:25-cv-801 (Doc. 4) *with* Case No. 2:25-cv-1241 (Doc. 5)). For ease of reference, and

because the procedural posture of the case has changed since the filing of the first lawsuit—at which time Plaintiff was awaiting sentencing—the Court sets forth the case history below.

On November 12, 2020, a federal grand jury returned a six-count indictment against Plaintiff in *United States v. Ricco L. Maye, et al.*, S.D. Ohio Case No. 2:20-cr-203-1 (the "Criminal Case"). On November 10, 2021, the grand jury returned a fourteen-count third superseding indictment that charged Plaintiff with drug trafficking, sex trafficking, mail and wire fraud, obstruction, and witness tampering. (Criminal Case, Docs. 4, 28, 117 & 211). United States District Court Chief Judge Sarah Morrison conducted a jury trial and Plaintiff was found guilty on all fourteen counts. He was sentenced to an effective term of life in prison. (*Id.*, Doc. 779; 794). Plaintiff appealed, and his direct criminal appeal remains pending in the United States Court of Appeals for the Sixth Circuit as of this writing. *See United States v. Ricco Maye*, No. 25-3801 (6th Cir.).

In October 2025, approximately six weeks after the first case was dismissed, Plaintiff filed the instant Complaint, naming thirty-nine Defendants: Chief Judge Morrison, two federal prosecutors, nine defense attorneys, a private investigator, two federal agents with the Bureau of Alcohol, Tobacco, and Firearms (ATF), a federal agent with the United States Marshal Service (USMS), a former county coroner, nineteen members of the Columbus and Whitehall police departments, two victims, and the "MX908" drug testing kit. (Doc. 5, at PageID 256-57, 266-69). As before, Plaintiff's claims fall into two categories: (1) the conditions of his pretrial detention prevented him from preparing a defense; and (2) he was wrongfully convicted because he is actually innocent, his attorneys provided ineffective assistance, there were procedural irregularities in the investigation of his charges, and there was prosecutorial misconduct. (*Id.* at PageID 270-89). For relief, Plaintiff again seeks "Fifty Million United States Dollars non-taxed"

and various forms of injunctive relief, including a new trial and dismissal of the charges. (*Id*. at PageID 259, 289).

## III. ANALYSIS

The instant Complaint should be dismissed because Plaintiff's claims are still premature and/or barred by *Heck*. As in his first Complaint (Case No. 1:25-cv-801 (Doc. 4)), both groups of Plaintiff's claims seek to undermine the integrity of his convictions. As such, they cannot proceed under *Bivens* or § 1983. Further, because Plaintiff's direct appeal is pending, this action cannot proceed as a motion pursuant to 28 U.S.C. § 2255. Accordingly, the claims in the instant Complaint should be dismissed without prejudice.

### A. The Complaint Cannot Be Construed as Seeking a Writ of Habeas Corpus.

Generally, a federal prisoner who seeks to collaterally attack the validity of his conviction or sentence must invoke 28 U.S.C. § 2255 and seek a writ of habeas corpus. *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018). As in Case No. 1:25-cv-801, Plaintiff has not sought relief under Section 2255. Nor can he show that a Section 2255 motion would be proper at this time. "[T]he Sixth Circuit has explicitly adopted the rule that a district court is precluded from considering a § 2255 application for relief during the pendency of a direct appeal unless extraordinary circumstances exist." *Stover v. U.S.*, Nos. 1:06-cv-2664, 1:04-cr-298, 2006 WL 3241789, at *1 (N.D. Ohio Nov. 6, 2006) (citing *Capaldi v. Pontesso,* 135 F.3d 1122, 1124 (6th Cir.1998) (in turn citing cases)). The purpose of the rule is "to ensure the orderly administration of justice and to preserve judicial economy." *Id*. (citations omitted).

Because a Section 2255 motion is ordinarily not permitted where, as here, a direct appeal is pending, the Court does not construe the instant Complaint as seeking a writ of habeas corpus.

*See Stover*, 2006 WL 3241789, at *1 ("Accordingly, in light of [the defendant's] ongoing direct appeal, his § 2255 Motion is premature and plainly does not entitle him to any present relief.").

Therefore, once again, the Complaint should be dismissed as premature to the extent that it seeks to collaterally attack Plaintiff's convictions. In this regard, the Court reminds Plaintiff that should he choose to seek relief under Section 2255, he must do so "in the court which imposed the sentence"—that is, in the underlying Criminal Case. 28 U.S.C. § 2255(a).

**B. The *Heck* Doctrine Still Bars Plaintiff's Civil Rights Claims**

Under the so-called *Heck* favorable termination rule (also known as the *Heck* doctrine), a plaintiff may not assert *Bivens* or Section 1983 claims that question the validity of his conviction or sentence unless he demonstrates that the conviction or sentence has been reversed on direct appeal, declared invalid, expunged by executive order, or called into question in a habeas corpus proceeding. *Lanier v. Bryant,* 332 F.3d 999, 1005-06 (6th Cir. 2003); *Robinson v. Jones,* 142 F.3d 905, 907 (6th Cir. 1998) ("While *Heck* [*v. Humphrey*, 512 U.S. 477 (1994),] concerned an action brought under 42 U.S.C. § 1983, we adopt the rule … that the *Heck* [rule] applies equally to an action brought under *Bivens*.") (citing cases).

Here, as in his first case, Plaintiff includes allegations in his first category of claims challenging his pretrial detention under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. (*See* Doc. 5, at PageID 270). But these claims continue to assert that his defense and "ability to pursue [his] liberty" were hampered through impediments to his communicating with counsel. (*Id.*).

In his second category of claims, Plaintiff continues to allege that he was convicted of charges he "did not commit." (Doc. 5, at PageID 271). He contends that his convictions were the result of "misconduct, bribery, threats, . . . manipulation of CPD [Columbus Police

Department] reports, and disappearance of BWC/DASH camera from the end of 2018 to the present day." (*Id.*). He again challenges numerous aspects of his criminal proceedings under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, and seeks "a new trial, and even a dismissal of all charges." (*Id.* at PageID 274). These claims once more amount to a "backdoor" challenge to Plaintiff's convictions and are barred by *Heck*. *Fly v. United States*, No. 1:18-cv-63, 2023 WL 10447544, at *24 (D.N.D. Dec. 15, 2023), *report and recommendation adopted in part, rejected in part on other grounds*, 2024 WL 1188806 (D.N.D. Jan. 29, 2024), *aff'd*, No. 24-1566, 2024 WL 4225714 (8th Cir. July 10, 2024). *See also Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) ("*Heck* blocks a state prisoner's § 1983 claim if its success 'would necessarily imply the invalidity of his conviction or sentence.'") (quoting *Heck*, 512 U.S. at 487).

Thus, in the absence of a showing that Plaintiff's underlying convictions or sentence were reversed on direct appeal, declared invalid, expunged by executive order, or called into question in a habeas corpus proceeding, *Lanier*, 332 F.3d at 1005-06, his civil rights claims under *Bivens* and Section 1983 cannot proceed. Because Plaintiff's direct criminal appeal remains pending, he cannot meet this standard and these claims should be dismissed without prejudice.

**C. The Undersigned Does Not Reach Additional Grounds for Dismissal**

As in the prior case, the undersigned notes that some claims are likely barred as a matter of law due to judicial immunity, prosecutorial immunity, or the fact that some Defendants are not subject to being sued under *Bivens* or Section 1983. Because Plaintiff's claims are premature, however, the undersigned declines to address these issues at this time.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS without prejudice** the entirety of Plaintiff's Complaint because his claims are premature and/or barred by the *Heck* doctrine; and

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v.* 114 F.3d 601 (6th Cir. 1997).

September 1, 2026

*s/ Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).